UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 11-cr-00244-PJH |
|---|---|
| Plaintiff, | Case No. 18-cr-00584-PJH |
| v. | **ORDER DENYING MOTION TO APPOINT COUNSEL** |
| ANTHONY DELK, | |
| Defendant. | Re: Dkt. No. 51 (11-244) |
| | Dkt. No. 23 (18-584) |

The defendant in the two above-captioned related cases has filed a letter asking the court to appoint counsel for purposes of seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A). See Case no. 11-244, Dkt. 51; Case no. 18-584, Dkt. 23. The letter makes reference to the COVID-19 pandemic. Id. The court construes defendant's letter as a motion to appoint counsel.

The office of the Federal Public Defender filed a statement notifying the court that it has spoken with defendant regarding his request and that it does not intend to assume representation of defendant at this time to assist him in filing a compassionate release motion. See Case no. 11-244, Dkt. 52; Case no. 18-584, Dkt. 24.

There is no Sixth Amendment right to counsel with respect to a motion under 18 U.S.C. § 3582(c). United States v. Townsend, 98 F.3d 510, 512-513 (9th Cir. 1996). Nor is there a statutory right to counsel in connection with a motion brought under 18 U.S.C. § 3582(c). "A person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance ... through appeal, including ancillary matters appropriate to the proceedings." 18 U.S.C. 3006A(c). A motion brought under

18 U.S.C. § 3582(c) does not constitute an "ancillary matter[ ]" requiring counsel to be appointed. See, e.g., United States v. Whitebird, 55 F.3d 1007 (5th Cir. 1995).

Because defendant is not entitled to appointed counsel for purposes of filing a motion brought under 18 U.S.C. § 3582(c), the motion to appoint counsel is DENIED.

**IT IS SO ORDERED.**

Dated: June 2, 2021

/s/ *Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge